IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DON HAMRICK                                                                                             PLAINTIFF

v.                                           No. 4:06MC00026 GH

PRESIDENT GEORGE W. BUSH, ET AL.                                                DEFENDANTS

### ORDER

By order filed on August 15th, the Court directed plaintiff to either pay the $350 filing fee or file an application to proceed *in forma pauperis*. The Court also stated that no further action would be taken regarding the motions for leave to file and to expedite until plaintiff had either paid the required $350 filing fee or had timely filed a completed *in forma pauperis* application.

On August 21st, plaintiff filed a motion to subpoena the court records involving his other cases from the United States District Court for the District of Columbia, the United States Court of Appeals for the DC Circuit and the United States Supreme Court on the grounds that Judge Walton violated the law in refusing to transfer his case from the District of Columbia to this district.

That same date, he filed a rebuttal to the August 15th order asserting that order is an illegal document as it had the header for the "Western Division" instead of the "Northern Division" where he resides, challenging having two judges presiding over the two miscellaneous cases, arguing that his proposed case has everything to do with the safety of United States seamen aboard ship at sea as the Second Amendment guarantees him the right to keep and bear arms to prevent pirate attacks at sea and criminal assaults ashore, countering the Court's cite to the District of Columbia litigation

-1-

as precedents as void for lack of jurisdiction, and that the District of Columbia did accept all his cases under the Seamen's Suit law.

On August 22nd, plaintiff filed a motion for temporary/permanent injunction and motion for subpoena of evidence . He states that he previously filed a motion for permanent injunction that had earlier been submitted to the District of Columbia court that had yet to be ruled on, but suspects will be denied. Plaintiff complains of bar notices against him issued in 2004 and 2006 prohibiting him from entering certain facilities in Washington, D.C. and requests a temporary and subsequent permanent injunction against those notices.

Two days later, on August 24th, plaintiff filed a motion for court appointed attorney.

Plaintiff paid the $350 filing fee on September 11th and his complaint was filed as 1:06CV00044.

The Court finds that plaintiff's August 11th motion (#1) for leave to file his complaint has been rendered moot by the September 11th filing of the complaint in 1:06CV00044. The August 21st motion (#7) to subpoena court records from the Washington, D.C. courts is denied. Plaintiff is free to attach, and has done so, such pleadings from those cases that he deems necessary. The August 11th motion (#2) to expedite case, the August 22nd motion (#8) for temporary/permanent injunction, and the August 24th motion (#9) to appoint counsel are denied as explained in the separate order filed this date in 1:06CV00044.

IT IS SO ORDERED this 1st day of March, 2007.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE